ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

LISA JIMENEZ

    Plaintiff,

-against-

MEGAN J. BRENNAN, POSTMASTER
GENERAL; U.S. POSTAL SERVICE,

    Defendants

-------------------------------------------------------x

**CV 16 2799**

COMPLAINT

JURY TRIAL DEMANDED

**CHEN, J.**

**BLOOM, M.J.**

2016 MAY 26 PM 3:25

FILED CLERK

PRELIMINARY STATEMENT

This is a breach of contract action against a federal government agency and the agency head. As the result of an Equal Employment Opportunity Commission (EEOC) action filed by Plaintiff, Plaintiff and the Defendants entered into a Settlement Agreement. One of the major terms of the Agreement was that Defendants would "expunge all discipline issued to [Plaintiff] during the period of January 1, 2008 to the present from her official personnel file." Plaintiff has learned, after being refused employment by a number of prospective employers, that Defendants have not expunged her records. Despite Plaintiff's efforts to ensure compliance with this contractual term in the manner specified in the agreement, Defendants have not complied, and Plaintiff is exercising her right to sue for enforcement.

PARTIES

1. Plaintiff Lisa Jimenez resides at 319 Bolton Avenue, Bronx, NY 10473.

2. Defendant Megan J. Brennan, Postmaster General is the head of the U.S. Postal Service Agency. She and the U.S. Postal Service maintain an office at 475 L'Enfant Plaza, SW Washington, DC 20260.

JURISDICTION AND VENUE

3. The basis for the Court's jurisdiction is 28 U.S. C. Section 1331.

4. Venue is proper in the Eastern District of New York because a substantial portion of the events at issue took place in the Eastern District of New York, and the federal agency being sued does business in this district.

STATEMENT OF CLAIM

5. Plaintiff was employed by the U.S. Postal Service for thirteen years, until 2012.

6. In 2010, Plaintiff filed an action with the EEOC based on discriminatory treatment at work.

7. At that time, Plaintiff was employed at the Uniondale post office in Uniondale, Long Island.

8. The action, EEOC Hearing No. 520-2010-00433X, Agency No. 4B-117-0010-10, entitled *Lisa M. Jimenez v. Patrick Donahoe, Postmaster General of the United States Postal Service*, was resolved during litigation by a Settlement Agreement and General Release ("Settlement Agreement") signed by all parties September 28, 2011. A copy of the Settlement Agreement is attached as Exhibit A.

9. The Settlement Agreement is a binding contract.

10. The Settlement Agreement provides, among other things, that in exchange for Plaintiff's withdrawal of claims and grievances, Defendants would transfer Plaintiff to another position of employment in a different post office, Defendants would issue a check for a specified amount of money "which represents compensatory damages," and Defendants would "expunge all discipline issued to [Plaintiff] during the period of January 1, 2008 to the present from her official personnel file."

2

11. The Settlement Agreement also provides in Paragraph "Tenth" that if a dispute arises regarding implementation of the Agreement, that Plaintiff would "notify the Manager of EEO Compliance & Appeals, Eriberto Cedeno, 90 Church Street, New York, NY 10007 of the alleged non-compliance or [sic] within 30 days of when she knew or should have known of the alleged noncompliance and request that the terms of the settlement agreement be specifically implemented . . . ."

12. Paragraph Tenth also states Plaintiff's agreement that "she will not file a new administrative complaint nor file an action in federal district court for an alleged breach of the Settlement Agreement until thirty (30) days after he [sic] has contacted the Manager of EEO, unless it is necessary to file sooner due to the pendency of an applicable statute of limitation."

13. In September 2015, having applied unsuccessfully for several jobs without having any of the prospective employers tell her why they turned her down, Plaintiff received notice from the New York City Department of Correction, to which she had applied for a civil service job, informing her that she was "disqualified from the position of Correction Officer based on the background/character investigation conducted by the Applicant Investigation Unit." The stated reason was "unsatisfactory prior public employment." A copy of this notification is attached as Exhibit B.

14. Plaintiff had passed the New York City civil service examination, had passed physical and psychological examinations, driving requirements, background checks, drug tests and other criteria for Correction Officer with the NYC Department of Correction, and for Police Communications Technician and School Safety Agent with the New York Police Department.

15. Despite being otherwise qualified for the position, she was disqualified for the sole reason that she "has an extensive disciplinary history while employed with the United States Postal Service...."

16. Each of the alleged USPS incidents enumerated as the City's "character unsuitable" reasons for disqualifying Plaintiff from the Correction Officer position occurred between March 2010 and February 2011.

17. These are precisely the incidents that the Settlement Agreement was to expunge from Plaintiff's personnel file.

18. If the alleged disciplinary charges had been expunged, the New York City agency would not have seen them and would not have disqualified Plaintiff from this job opportunity.

19. By letter dated November 13, 2015, which is more than 30 days prior to the date of this Complaint, Plaintiff wrote to Mr. Cedeno, the Manager of EEO Compliance and Appeals, at the address indicated in the Settlement Agreement. A copy of the letter is attached as Exhibit C.

20. Plaintiff received no response within 30 days and has received no response since.

21. Plaintiff complied with paragraph "Tenth" of the Settlement Agreement and gave the Defendants the opportunity to remedy their breach.

22. Pursuant to that same paragraph, Plaintiff is now "fil[ing] an action in federal district court for an alleged breach of the Settlement Agreement."

23. The New York City Civil Service Commission reviewed the Department of Correction's finding on appeal and upheld it, by decision dated March 24, 2016.

INJURIES

24. Plaintiff's reputation has been harmed as a result of Defendants' failure to expunge her personnel file of discipline as they are contractually obligated to do.

25. Plaintiff has been denied employment by the City of New York for which she is otherwise qualified because of Defendants' failure to expunge.

26. Plaintiff has been denied employment by other employers for which she was otherwise qualified as well. Upon information and belief, this is also because of Defendants' failure to expunge.

27. Plaintiff suffered a loss of income because of Defendants' breach of the Settlement Agreement.

RELIEF SOUGHT

28. Plaintiff seeks enforcement of the Settlement Agreement. She seeks an injunction ordering the Defendants to comply immediately with paragraph "First" of the Agreement and "expunge all discipline issued to [Plaintiff] during the period of January 1, 2008 to the present from her official personnel file."

29. Plaintiff seeks compensatory damages caused by Defendants' breach of contract.

30. Plaintiff seeks such other relief as the Court finds just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 26, 2016

Brooklyn, New York

Lisa Jimenez, Pro Se Plaintiff
319 Bolton Avenue
Bronx, NY  10473
347-454-4885

5

EXHIBIT
A

### UNITED STATES OF AMERICA
### EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### NEW YORK DISTRICT OFFICE

LISA M. JIMENEZ,

                Complainant,

          v.

PATRICK DONAHOE,
POSTMASTER GENERAL
U.S. POSTAL SERVICE,

                Agency.

EEOC Hearing No: 520-2010-00433X

Agency No: 4B-117-0010-10

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement"), is entered into by and between Lisa M. Jimenez and the Postmaster General and U.S. Postal Service ("Postal Service"), collectively herein referred to as the "Parties."

**WHEREAS** Complainant and Postal Service wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised, arising out of Complainant's employment with Postal Service, which have transpired prior to the execution of this Agreement, and

**WHEREAS** Complainant has filed an action with the EEOC, Case No.: 520-2010-00433X, Agency No.: 4B-117-0010-10, entitled Lisa M. Jimenez v. Patrick Donahoe, Postmaster General of the United States Postal Service,

**NOW, THEREFORE**, in consideration of the mutual promises contained herein, and other good and valuable consideration, receipt of which is hereby acknowledged, and to avoid unnecessary litigation, it is agreed as follows:

FIRST:

(a)     Postal Service agrees to expunge all discipline issued to Complainant during the period of January 1, 2008 to the present from her official personnel file.

(b)     Postal Service agrees to transfer Complainant to a Part Time Flexible (PTF) Clerk position in the Westchester District, Pleasantville, New York Post Office effective October 8, 2011. Complainant acknowledges and understands that the Westchester District pools its PTF Clerks and she may be required to report for duty at other post offices within the Westchester District as needed.

(b)     Postal Service agrees to issue a check made payable to the Law Offices of Frederick K. Brewington, Esq. (TIN 11-2939438) as attorney for Lisa M. Jimenez in the amount of TWELVE THOUSAND DOLLARS ($12,000), which represents compensatory damages for alleged pain and suffering. Postal Service will not withhold from this amount, although it is understood between the Parties that this payment may be taxable to both Complainant and Law Offices of Frederick K. Brewington, Esq., and will be reported to the Internal Revenue Service on Forms 1099-MISC. Payment of this amount shall not in any way be construed as an admission by the Postal Service that it has acted wrongfully with respect to Complainant, or that there was any liability or wrongdoing on the part of the Postal Service with regard to Complainant.

(c)     Complainant is solely responsible for any tax penalties assessed and will indemnify and hold harmless Postal Service for any such penalties assessed, if any, as a result of the tax treatment of the settlement payment, whatever that might be.

2

(d)    For purposes of administration, the check will be mailed to Postal Service's counsel.  Thereafter, Postal Service counsel will mail the check to Law Offices of Frederick K. Brewington, Esq. at the following address:  56 Peninsula Boulevard, Hempstead, NY 11550.

(e)    Postal Service will make all reasonable efforts to make payment within approximately thirty (30) days after Postal Service counsel's receipt of this fully executed Agreement.

SECOND:    In consideration of the foregoing, Complainant hereby withdraws with prejudice any and all EEO complaints and other pending administrative complaints or grievances she now has against Postal Service and releases and forever discharges Postal Service, its past and present respective officers, agents, and employees, from any and all claims, demands, suits, rights, damages, union grievances, charges, administrative remedies (including but not limited to Merit System Protection Board or Equal Employment Opportunity Commission filings), and causes of action of any and every kind, nature, and character, known and unknown, which Complainant may now have or has ever had against Postal Service up until the date of execution of this Agreement, or any of its officers, agents, and employees, which arose in whole or in part from Complainant's employment relationship with Postal Service ("Claims"), except nothing in this paragraph shall pertain in any manner to Complainant's right to file claims and receive benefits for OWCP and/or unemployment.

THIRD:    Complainant represents that she is the sole possessor of the Claims being released and that he has not assigned or otherwise transferred any Claims.

FOURTH:    Complainant agrees that at no time subsequent to the date of this Agreement will she commence, maintain, or prosecute any action, at law or otherwise, or assert any Claim against Postal Service released, and/or execute or enforce any judgment

3

against Postal Service released, for damages, losses or for equitable relief related to the Claims released, except as provided for in Paragraph 10.

FIFTH:              Complainant understands and agrees that this Agreement shall bind and be binding upon her heirs, personal representatives, spouse, executors, administrators and assigns, and shall inure to the benefit of their agents, employees, servants, and successors.

SIXTH:              Complainant agrees to request that her Union and/or collective bargaining representative ("Union") withdraw any and all active and/or pending grievances to which she is a party against Postal Service ("Union Grievances"). In the event that the Union refuses to withdraw said Union Grievances, Complainant agrees that she will refuse to accept any and all monetary compensation and/or any other relief given to him in any grievance settlement and/or arbitration award on any matter encompassed by the Claims released herein and this Agreement operates as Complainant's irrevocable refusal to accept any such benefits.

SEVENTH:              The Parties expressly acknowledge that this Agreement is intended to effect, without limitation, a full and final release of all Claims, known or unknown, undisclosed or unanticipated, which may have arisen, or may arise from Complainant's employment relationship with Postal Service prior to the date of this Agreement, except claims related to OWCP and/or unemployment. Complainant acknowledges that different or additional facts may be discovered in addition to what she knows or believes to be true with respect to the Claims released, and that she agrees that this Agreement will remain in effect in all aspects as a full and final release of the Claims, notwithstanding different or additional facts.

EIGHTH:              The Parties agree that each party to this Agreement shall bear their own attorneys' fees and costs incurred in connection with this entire matter, unless and except

4

as set forth above, including but not limited to those costs and fees incurred in the negotiation, drafting, and implementation of this Agreement.

NINTH:                The Parties hereby agree to indemnify and hold the other harmless from and against any and all loss, cost, damage or expense including, without limitation, attorneys' fees, incurred by or arising out of any such action, suit or other proceeding prosecuted or attempted by the Parties in breach of this Agreement.

TENTH:                Complainant agrees that should a dispute arise regarding the implementation of this Agreement, pursuant to 29 CFR Section 1614.504 she will notify the Manager of EEO Compliance & Appeals, Eriberto Cedeno, 90 Church Street, New York, NY 10007 of the alleged non-compliance or within 30 days of when she knew or should have known of the alleged noncompliance and request that the terms of the settlement agreement be specifically implemented or, alternatively that the complaint be reinstated for further processing from the point processing ceased. Additionally, the EEOC will retain jurisdiction for purposes of enforcing this Settlement Agreement. Further, Complainant agrees that she will not file a new administrative complaint nor file an action in federal district court for an alleged breach of the Settlement Agreement until thirty (30) days after he has contacted the Manager of EEO, unless it is necessary to file sooner due to the pendency of an applicable statute of limitation. It is the intent of this paragraph to allow Postal Service a reasonable time to correct any real or perceived difficulties arising from the implementation of this Agreement.

ELEVENTH:           Complainant represents and agrees that she is of legal age and mentally competent to execute this Agreement and fully understands his right to discuss this Agreement with an attorney; that to the extent, if any, he desired, he has availed herself of this opportunity; that she has carefully read and fully understands all the provisions of this

5

Agreement; and that she is voluntarily entering into this Agreement with full understanding of its legal consequences and without any duress or pressures.

TWELFTH:    This Agreement shall not in any way be construed as an admission by Postal Service that it has acted wrongfully with respect to Complainant, or that there was any liability or wrongdoing on the part of Postal Service with regard to Complainant, and Postal Service specifically disclaims any liability to or wrongful acts against Complainant on the part of it, its officers, agents or employees.   So, too, this Agreement shall not be construed as an admission of any wrongdoing by Complainant.

THIRTEETH:    The Parties agree that should any provision of this Agreement be declared or determined by any court or administrative body to be illegal, invalid or unenforceable, the remainder of the Agreement shall nonetheless remain binding and in effect.

FOUREENTH:    The Parties agree that the terms of this Agreement are binding only on the Parties hereto and are based on specific circumstances related to this matter alone.  No precedent is established by this Agreement.

FIFTEENTH:    This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the Parties hereto.

SIXTEENTH:    This Agreement constitutes the full and complete agreement between the Parties and fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter hereof.  There are no oral side agreements or understandings.  No other promises or agreements shall be binding unless signed by the Parties.

6

SEVENTEENTH:    The provisions of this Agreement shall become effective upon the issuance of a Postal Service Form 50 transferring Complainant to the Pleasantville, New York Post Office.

**SO AGREED.**

Dated: ___9/28/11___

Lisa M. Jimenez
Complainant

Dated: ___9/28/2011___

Stephen Yamond
Human Resources Manager, District
United States Postal Service
On behalf of the Postmaster General and
The U.S. Postal Service

7



**The City of New York**

NEW YORK CITY DEPARTMENT OF CORRECTION
Joseph Ponte, Commissioner
Dr. Errol Toulon Ed. D, Deputy Commissioner
Dr. Larry Johnson, Ed. D, Executive Director
Applicant Investigation Unit
Bulova Corporate Center
75-20 Astoria Blvd East
East Elmhurst, NY 11370
Tel: 718-546-3238
Fax: 718-278-6072

(EXHIBIT B)

Date: 09/10/15

Dear: **Lisa Jimenez**

**Exam/List: 4303/489**

This notice is to inform you that you are disqualified from the position of Correction Officer based on the background/character investigation conducted by the Applicant Investigation Unit. The reason(s) marked below apply to you:

( )     Fraud

( )     Falsification of official NYC employment document(s)

( )     Omission of pertinent facts

( )     Arrest Record

( )     Conviction record

(X)     Unsatisfactory prior public employment(s)

( )     Unsatisfactory prior private employment(s)

( )     Affiliations

( )     Other

**Explanation of Background/Character Disqualification:** Candidate Lisa Jimenez has an extensive disciplinary history while employed with the United States Postal Service (USPS). Such behavior indicates the candidate is not suitable to pursue a career in law enforcement.

**If you wish to appeal this decision, please see the reverse side of page for instructions.**

Sincerely,

Dr. Errol Toulon, Ed. D
Deputy Commissioner of Operations

ET: er

*Visit NEW YORK'S BOLDEST on the Web at: www.nyc.gov/boldest*

<u>Notice of Appeal</u>

The decision of the Deputy Commissioner may be appealed in writing to the Civil Service Commission, Municipal Building, One Centre Street, Room 2300 North, New York, N.Y. 10007 within thirty (30) days of the date of notice.

Your notice of appeal should include: 1) an explanation as to why you believe the decision of the Deputy Commissioner is incorrect; 2) a copy of this notice; and 3) any documents, factual statements, affidavits and/or legal arguments in support of the appeal. The Civil Service Commission will decide the merits of the appeal on the basis of these written submissions.



NEW YORK CITY DEPARTMENT OF CORRECTION
Joseph Ponte, Commissioner
Dr. Errol Toulon Ed. D, Deputy Commissioner
Dr. Larry Johnson, Ed.D, Executive Director
Applicant Investigation Unit
Bulova Corporate Center
75-20 Astoria Blvd
East Elmhurst, NY 11370
Tel: 718-546-3238
Fax: 718-278-6072

November 10, 2015

Civil Service Commission
Municipal Building
One Centre Street - Room 2300 North
New York, NY 10007

What follows is the Case Summary highlighting the reasons for which the Character Unsuitable decision for Ms. Lisa Jimenez was based on for the position of Correction Officer.

Ms. Jimenez was employed with the United States Postal Office from 06/17/00 to 02/17/12. A disciplinary inquiry received from their Inspector General's Office revealed that the candidate received various disciplinary actions as follows:

- On 03/25/10 the candidate received a letter of warning for failure to be in regular attendance.

- On 04/24/10 the candidate received a letter of warning for improper conduct.

- On 07/20/10 the candidate was suspended for seven (7) days for improper conduct.

- On 10/28/10 the candidate was suspended for fourteen (14) days for failure to follow instructions, delay of mail, and improper conduct. On 01/24/11 this suspension was reduced to seven (7) days after settling with the union.

- On 02/25/11 the candidate was suspended for fourteen (14) days for being absent without leave.

On 02/17/12 the candidate voluntarily resigned with charges pending as per the Office of the Inspector General.

In her letter of appeal, Ms. Jimenez stated the following: *"The basis of having a disciplinary record with the USPS is not valid on grounds of inaccurate information. A settlement in good faith with this company was granted. A disgruntled woman who was given power she could not handle made a hostile work environment with retaliation conduct. The legal action taken against a supervisor/postmaster who fabricated such illegal disciplinary records against my persona and other was settled. The settlement*

*Visit NEW YORK'S BOLDEST on the Web at: www.nyc.gov/boldest*

NOVEMBER 13, 2015

Lisa Jimenez

319 Bolton Avenue

Bronx, NY  10473

(347)454-4885



Mr. Eriberto Cedeno

MANAGER OF EEO COMPLIANCE AND APPEALS

90 CHURCH STREET

NEW YORK NY  10007

ATTENTION; MR. ERIBERTO CEDENO

Dear Mr. Cedeno,

I write to you regarding a breach in EEOC CASE, # 520-2010-00433X and agency # 4B-117-0010-10.

In the first settlement agreement marked number 1, I have just been informed by a city agency that no action to expunge this from my file has been done.

I have been intentionally harmed a great deal with this noncompliance.

However, if I do not hear back from you with some kind of remediation, I will have to take the steps necessary to seek satisfactory remedy from this harmful matter.


Sincerely,

Lisa Jimenez

Lisa Jimenez

Scanned by CamScanner